(No. 6658.   July 5, 1939.)

GRACE C. VOELLMECK, Appellant, v. THE NORTH-WESTERN MUTUAL LIFE INSURANCE COMPANY, Respondent.

[92 Pac. (2d) 1076.]

Durham & Hyatt, for Appellant.

V. R. Clements, for Respondent.

MORGAN, J.—This is an action by appellant against respondent on four policies of life insurance in which she is named as beneficiary. Respondent is a foreign corporation engaged in the life insurance business. Pursuant to I. C. A., sec. 40–502, it appointed the commissioner of finance of Idaho its attorney-in-fact upon whom process against it might be served, as it was required to do in order to be permitted to transact its business in this state.

Summons was served on respondent September 16, 1938, by the sheriff of Ada county, by delivering a copy of it, together with a copy of the complaint in the action, to said attorney-in-fact in said county. October 7, 1938, respondent having failed to appear or answer within twenty days from date of service, fixed by statute for answering, its default was entered by the clerk of the court and judgment was thereafter made and entered. October 10, 1938, respondent filed a motion, supported by affidavit, to set aside the default and vacate the judgment, on the ground that they were prematurely entered. It also filed a general demurrer to the complaint.

October 13th, respondent amended its motion and alleged that the default and judgment were taken and entered against it through its mistake, inadvertence and excusable neglect, by relying on a notice of service of summons and complaint which it received from the commissioner of finance wherein was stated that the service was made September 19th, instead of September 16th, as shown by the sheriff's return. While the summons notified respondent it must appear and plead to the complaint within twenty days of the date of service, and that judgment would be taken against it as in the complaint prayed for unless it did so, it had no other information as to when service was made than that contained in the notice sent to it by its statutory agent.

This appeal is from an order granting the amended motion. Respondent relies on sec. 5–905, wherein it is provided that the court may "relieve a party or his legal representative from a judgment, order or other proceeding taken against him

through his mistake, inadvertence, surprise or excusable neglect.''

While a district judge is authorized to exercise discretion in granting or refusing to grant a motion to set aside a default and vacate a judgment, the discretion must be exercised within well-defined rules of law, and is reviewable. (*Holzeman & Co. v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Valley State Bank v. Post Falls etc. Co.,* 29 Ida. 587, 161 Pac. 242; *Ticknor v. McGinnis,* 33 Ida. 308, 193 Pac. 850; *Savage v. Stokes,* 54 Ida. 109, 28 Pac. (2d) 900.)

The commissioner of finance was respondent's statutory agent and delivery of a copy of the summons and complaint to him was service on it. (Sec. 40–502; *Humphreys v. Ida. Gold Mines etc. Co.,* 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Boise Flying Service, Inc., v. General Motors Acceptance Corp.,* 55 Ida. 5, 36 Pac. (2d) 813.)

Respondent insists the failure of the commissioner of finance to notify it of the true date of service of summons did not constitute such negligence on its part as to prevent it from having the default and judgment vacated and set aside. There is conflict among the authorities with respect to this contention. A decision of the question is not necessary in this case. A defendant, against whom a default judgment has been taken, in order to be relieved therefrom must, in addition to establishing that his failure to appear and answer was due to mistake, inadvertence, surprise or excusable neglect, set forth facts showing he has a good and meritorious defense to the cause of action stated in the complaint. The only showing made that a defense exists appears in the affidavit of the attorney for respondent, as follows: ''that the defendant has a good and meritorious defense to the above entitled action . . . . '' No fact is set forth to justify that conclusion. The showing, in that particular, is fatally defective. (*Holland Bank v. Lieuallen,* 6 Ida. 127, 53 Pac. 398; *Holzeman & Co. v. Henneberry, supra; Beck v. Lavin,* 15 Ida. 363, 97 Pac. 1028; *Council Improvement Co. v. Draper,* 16 Ida. 541, 102 Pac. 7; *Culver v. Mountain Home Electric Co.,* 17 Ida. 669, 107 Pac. 65; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8; *Hall v.*

*Whittier*, 20 Ida. 120, 116 Pac. 1031; *Vollmer Clearwater Co. v. Grunewald*, 21 Ida. 777, 124 Pac. 278; *Fales v. Weeter Lumber Co., Ltd.*, 26 Ida. 367, 143 Pac. 526; *Miller v. Brinkman*, 48 Ida. 232, 281 Pac. 372; *Savage v. Stokes*, 54 Ida. 109, 28 Pac. (2d) 900; *Occidental Life Ins. Co. v. Niendorf*, 55 Ida. 521, 44 Pac. (2d) 1099.)

Respondent argues that the amendment of the statute which is now I. C. A., section 5–905, by Session Laws 1921, page 526, chapter 235, dispensed with the necessity for a showing of meritorious defense in order to set aside and vacate a default judgment. The contention is unsound. The amendment of the statute consists in adding therein the following:

"Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court, or the judge thereof, in vacation, shall, upon application filed within the time above limited, set aside such judgment, order or proceeding and may, in its discretion, require the attorney guilty of such failure or neglect to pay the costs or expenses actually and necessarily occasioned to the opposite party by such failure or neglect, and may, in its discretion, also impose upon such attorney a penalty of not exceeding $100.00."

The amendment relates, solely, to defaults which have been entered because of the failure of an attorney-at-law to file or serve a paper within the time limited therefor. Respondent does not appear to have had an attorney in this case until after its default had been entered. Its default was not taken, nor was the judgment against it entered, due to fault of its attorney, and the amendment of the statute intended to protect parties litigant from judgments, orders or proceedings taken against them through the neglect or failure of their attorneys to file or serve papers within the time limited therefor, has no application here.

Respondent also contends appellant has, by her conduct, consented to, acquiesced in and invited the error, if any was committed by the trial judge in setting aside the default and vacating the judgment without a showing of facts constituting

a meritorious defense to the action. This contention seems to be based on the theory that it was appellant's duty to move to strike respondent's showing, or to otherwise bring the insufficiency of the affidavit in support of the motion to the attention of the district judge.

It was not necessary to encumber the record with a motion to strike. The insufficiency of the affidavit might be presented in the argument of the motion to set aside the default and vacate the judgment. Arguments of counsel are not incorporated in the record and we have nothing before us on which to base an assumption that appellant's attorneys did anything they should not have done, or neglected to do anything they should have done, whereby the insufficiency of the affidavit escaped the notice of the district judge.

The order appealed from is reversed with direction to reinstate the judgment. Costs are awarded to appellant.

Ailshie, C. J., and Budge, Givens and Holden, JJ., concur.

Petition for rehearing denied.