**BURNS MORTGAGE CO., Inc., v. STOUDT.**

**No. 1652.**

District Court, E. D. Pennsylvania.

Feb. 10, 1942.

Blanc & Steinberg, by Sylvan C. Balder, all of Philadelphia, Pa., for plaintiff.

John C. Noonan, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is a motion by defendant for judgment on the pleadings in a civil action, under Rule 12(c) of the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that a former action between the same parties, and presenting the same issues, was dismissed for want of prosecution. Defendant contends that the dismissal constitutes an adjudication on the merits, thus barring the present suit.

On February 1, 1932, the plaintiff herein instituted in this court an action (not the present action) grounded on the same facts as those pleaded in the instant case. The older action between these parties was dismissed for want of prosecution under the local rule of this court. The docket entry therein shows the notation: "Dismissed under the rule (4-1-23) 11/20/39."

The rule referred to reads as follows:

"Rule XVIII Sec. 2.—*Actions at Law*.

"In every action at law in which no proceeding towards bringing it to issue, trial or termination has been taken for a period of three consecutive years, the clerk shall, without special order, enter a non pros., and tax the costs against the plaintiff. *Such non pros. shall be without prejudice.*" [1] (Emphasis supplied.)

---

[1] Rule XVIII was superseded by the following rule, promulgated by this court on December 1, 1939:

"Every civil action in which no proceeding has been taken for a period of two consecutive years shall, immediately

It should be noted that the Rule provides for the entry of a "non pros. * * * without prejudice" while the docket entry read "Dismissed under the rule * * *."

On May 13, 1941, this court (still in the older action) dismissed plaintiff's motion to reinstate that action. The present suit was then instituted on July 25, 1941.

In support of his motion for judgment on the pleadings, the defendant contends that at the date of the original dismissal, November 20, 1939, the new Rules of Civil Procedure were in effect, and hence that under Rule 41(b) [2] a dismissal (other than a dismissal for lack of jurisdiction or for improper venue) operates as an adjudication upon the merits so as to bar the new action.

The defendant's contention is without merit.

Rule XVIII, and its successor rule of December 1, 1939, were adopted by this court under the authority granted by Revised Statutes § 918, 28 U.S.C.A. § 731, which reads as follows: "§ 731. *Rules of practice in district courts.* The district courts may, from time to time, and in any manner not inconsistent with any law of the United States, or with any rule prescribed by the Supreme Court under section 730 of this title, make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and *otherwise regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings.* (R.S. § 918)." (Emphasis supplied.)

Further, Rule 83 of the new Rules of Civil Procedure specifically provides that: "* * * In all cases not provided for by rule, the district courts may regulate their

practice in any manner not inconsistent with these rules."

■ Local Rule XVIII, of course, is not inconsistent with Rule 41(b) of the Federal Rules of Civil Procedure. Rule XVIII provides for a non pros. without prejudice by the clerk of the court without special order in every action at law in which no proceedings toward bringing it to issue, etc., have been taken for a period of three years.

Rule 41(b) permits a defendant to move for dismissal of an action for failure of the plaintiff to prosecute. Of course, under Rule 41(b), the court itself would have to act on the defendant's motion to dismiss. In the case under consideration, the defendant never moved to dismiss and therefore there was no proceeding under Rule 41(b).

Neither Rule 41(b) nor any of the other rules of the new Rules of Civil Procedure specifically provide for dismissal by the court of its own motion for failure to prosecute.

■ The non pros. proceeding provided under the local rule was adopted by this court to implement the Federal Rules of Civil Procedure in the regulation of local practice. Since Rule XVIII specifically provided for a "non pros. * * * without prejudice" and not a "dismissal" such as to operate as an adjudication upon the merits, the defendant's contention must fall.

■ Defendant has cited Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406, in support of his contention. In that case the original order was that of dismissal and not a non pros. The mere fact that the clerk of the court in the instant action used the word "Dismissed" when the words "non pros." should have been used, in accordance with the local rule under which the action was taken, cannot convert

---

upon the expiration of such two-year period, be deemed to have been abandoned and stand dismissed, and the clerk shall thereupon, without special order, enter upon the record 'Dismissed under the rule' and tax the costs against the plaintiff. Dismissals under this rule shall be without prejudice.

"This rule shall, on and after the 2d day of January, 1940, be in full force in all actions then pending or thereafter brought."

[2] "Rule . 41. *Dismissal of Actions* * * *

"(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

a non pros. without prejudice into a dismissal with prejudice. As was previously pointed out, the docket entry specifically stated "Dismissed under the rule (4-1-23) * * *" the rule referred to being Rule XVIII, Sec. 2, supra.

In the adoption of our local Rule XVIII and its successor rule of December 1, 1939, this court intended that the penalty for failure to prosecute should be a non pros. without prejudice and nothing more.[3]

Accordingly, since the action of "11/20/39" was a non pros. and not a dismissal, the defendant's motion for judgment is denied. In making this disposition, it may be noted that the motion for judgment on the pleadings was stated by the defendant to be under Rule 12(c) of the Rules of Civil Procedure. It may here be said that under Rule 12(c) judgments on the pleadings should be given only when the merits can be determined in that manner.

---

[3] In consonance with what has been said, I direct the Clerk of the Court to correct the docket entry of "11/20/39" so that it may read "non pros. under the rule (4-1-23) 11/20/39 as provided for under Rule XVIII".