Richard LeJose NAVARRO, Appellant,

v.

CHIEF OF POLICE, DES MOINES, IOWA, and Sheriff of Polk County, Appellees.

No. 75–1233.

United States Court of Appeals, Eighth Circuit.

Submitted July 31, 1975.

Decided Sept. 4, 1975.

Richard LeJose Navarro, pro se.

David J. Welu, Asst. City Atty., Des Moines, Iowa, for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Richard LeJose Navarro seeks damages against the chief of police of Des Moines, Iowa (Wendell E. Nichols) and the sheriff of Polk County, Iowa (Sam Wise), for allegedly depriving him of his civil rights in violation of 42 U.S.C. § 1983 (1970). Plaintiff claims he was assaulted by police officers after his arrest on May 22, 1973, in Des Moines, and subsequently was denied adequate medical treatment while incarcerated in the Polk County Jail. The district court dismissed the suit for failure to prosecute and plaintiff, proceeding *pro se*, appeals from that dismissal.[1]

Plaintiff filed his complaint on April 10, 1974, and defendants subsequently filed motions to dismiss. Chief of Police Nichols claimed the plaintiff was relying on the doctrine of *respondeat superior* and that this doctrine was inapplicable in suits brought under the Civil Rights Act. Sheriff Wise argued the same point but further averred that the individual who was sheriff at the time of the alleged incidents had since died.

After plaintiff filed a *pro se* response to the dismissal motions, the district court, on May 30, 1974, appointed Mr.

1. Plaintiff was subsequently extradited to California and is currently confined in that state. It is not clear whether the arrest in Des Moines relates to the charges upon which plaintiff was extradited.

William Kutmus as counsel to plaintiff.[2] The court stated that it was taking this step because of the "seriousness of the allegations." The court did not, however, take any action regarding defendants' motions to dismiss.

On December 27, 1974, approximately seven months after Mr. Kutmus' appointment, the trial court wrote a letter to plaintiff stating as follows:

Dear Mr. Navarro:

This will acknowledge receipt of your letter mailed December 23, 1974 relating to the above entitled matter and Mr. Kutmus' wish to withdraw.

As you may know, there is no provision in the law compensating attorneys for actions brought under 42 U.S.C. § 1983. I requested Mr. Kutmus to represent you as I felt he would be genuinely interested in your matter. He apparently feels that you would not be successful in the presentation of your case. I do not feel justified in asking another attorney to look into the matter without compensation.

It appears that you will either be required to represent yourself or obtain independent counsel to pursue the matter.

*Mr. Kutmus has not yet filed the necessary paper to withdraw. When this is done an order will be filed stating formally the matters I have referred to here.*

*A time limit will be placed upon further action upon your part.*

Very truly yours,

[Emphasis added.] /s/ W. C. Stuart

No formal order was ever entered, however, nor did the district court ever place a time limit "upon further action upon your part."

Approximately three months later, on March 10, 1975, Sheriff Wise moved to dismiss for failure to prosecute. The motion recited the fact that Mr. Kutmus had filed no resistance to the earlier motion to dismiss and had taken no further action in the case. The motion concluded: " * * * it is obvious that plaintiff has abandoned the case."

On March 27, 1975, 16 days after the filing of the motion to dismiss, the district court entered an order granting the motion and dismissing the action for failure to prosecute. The order recited that

* * * [n]o resistance has been offered by the plaintiff. The Court has previously written to Mr. Navarro informing him that he would either have to prosecute his own action or secure another attorney. There has been no response to the Court's letter. The Court must conclude, therefore, that Mr. Navarro has decided not to continue with his action. The case will be dismissed.

Plaintiff filed a timely notice of appeal from this order on April 10, 1975.

This appeal presents the issue of whether the district court proceeded correctly in dismissing the action for failure to prosecute. We rule the dismissal against the chief of police to have been improvident and we reinstate that action.

Fed.R.Civ.P. 41(b) provides that

[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him * * *. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision * * * operates as an adjudication upon the merits.

Thus, the order of March 27, 1975, dismissing the action under Fed.R.Civ.P. 41(b), constituted an adverse adjudication of the merits of plaintiff's action and was, in effect, a dismissal with prejudice.

■ An appellate court will reverse a district court's dismissal for failure to prosecute only upon a showing of an abuse of discretion. *Grunewald v. Missouri Pacific R. R.*, 331 F.2d 983 (8th Cir.

---

2. The complaint indicates Kutmus had represented Navarro on matters arising out of the arrest in Des Moines.

1964); J. Moore, *Federal Practice* § 41.-11[2] at 1125; Wright & Miller, 9 *Federal Practice & Procedure* § 2369 at 203. Moreover, what constitutes a "failure to prosecute" is not fixed by settled rules, but depends on the particular facts and circumstances in a case. J. Moore, *Federal Practice* § 41.11[2] at 1119; Wright & Miller, 9 *Federal Practice & Procedure* § 2369 at 204. In reviewing whether the trial court's assessment of the relevant circumstances is within the bounds of judicial discretion, it must be determined if the action taken

> * * * compels the conviction that there has been a responsible exercise in a legal sense of official conscience on all the considerations involved in the situation.

*Welsh v. Automatic Poultry Feeder Co.,* 439 F.2d 95, 97 (8th Cir. 1971) (quoting *Bowles v. Goebel,* 151 F.2d 671, 674 (8th Cir. 1945)).

■ Although district courts possess discretion in these types of cases, it is generally recognized that dismissal with prejudice for failure to prosecute is " * * * a drastic sanction which should be sparingly exercised * * *." *Welsh v. Automatic Poultry Feeder Co., supra,* 439 F.2d at 96. Wright and Miller summarize the relevant law as follows:

> Giving the dismissal this effect [of prejudice] requires caution, however, if it is a penalty for want of prosecution or for failure to comply with the rules or with court orders. The courts have frequently warned that "dismissal with prejudice is a drastic sanction to be applied only in extreme situations." Indeed there are constitutional limitations upon the power of a court, even in aid of its own valid processes, to dismiss an action without affording a party the opportunity for hearing on the merits of his cause. For this reason the appellate courts scrutinize very carefully dismissals with prejudice made on these grounds. They have allowed dismissal with prejudice "only in the face of a clear record of delay

or contumacious conduct by the plaintiff," or, as another court put it, "upon a serious showing of wilfull default."

> For these reasons the courts hold that "except in extreme circumstances, the court should first resort to the wide range of lesser sanctions which it may impose upon the litigant or the derelict attorney, or both," before ordering dismissal with prejudice. [9 *Federal Practice & Procedure* § 2369 at 193–96 (footnotes omitted).]

As noted previously, the district court had informed plaintiff by letter that his attorney had not yet filed the necessary papers to withdraw and that "[w]hen this is done an order will be filed stating formally the matters I have referred to here." Furthermore, the court concluded the letter by stating: "A time limit will be placed upon further action upon your part." The natural meaning of these words is that plaintiff need take no action until a formal order has been entered and a deadline upon further action set. Yet, no formal order was ever entered, and no deadline was ever set. When, three months thereafter, Sheriff Wise filed his motion to dismiss for failure to prosecute, plaintiff, with some justification, may have presumed that the motion was without merit. Although plaintiff can be criticized for failing to respond to this motion in the 16-day interim before the entire action was dismissed, this failing by a *pro se* litigant cannot reasonably be construed as a "clear record of delay or contumacious conduct." *See* Wright & Miller, 9 *Federal Practice & Procedure* § 2369 at 195 & n. 70.

We note, moreover, that plaintiff had earlier filed a timely *pro se* response to the defendant's initial dismissal motions. The motions were thus under submission and awaiting disposition by the district court at the time of the dismissal for failure to prosecute. Under these circumstances, it is difficult to see how plaintiff frustrated the progress of the litigation.

■ The facts of this case do not suggest the clear pattern of delay or contu-

macious conduct which should precede such a drastic remedy. *See* the cases collected in Annot., "Dismissal for Failure to Prosecute" § 12, 20 A.L.R.Fed. 488, 523. We believe the district court abused its discretion and should not have dismissed the action against the chief of police with prejudice.[3]

As against Sheriff Wise, the dismissal should stand unless within 15 days following issuance of our mandate Navarro contests the affidavit reciting that the person holding the office of sheriff of Polk County at times material in the complaint has since died.

We recognize the obvious impracticality of plaintiff, who apparently is presently incarcerated in California, in pressing this action without the assistance of counsel. The district court should make a further attempt to obtain counsel willing to assist plaintiff under a court appointment. If plaintiff subsequently fails to promptly press his suit the trial court remains free, of course, considering all circumstances, to take appropriate action including dismissal of the suit for failure to prosecute.

We reverse and remand for further proceedings consistent with this opinion.

---

**3.** We have also considered whether the dismissal should be sustained at this stage of the lawsuit for failure of the plaintiff to state a claim for relief. As noted earlier, the motion to dismiss by Police Chief Nichols was based on the argument that plaintiff was proceeding under a theory of *respondeat superior*, and that this doctrine is inapplicable in a civil rights action.

The viability of vicarious liability under the civil rights acts is not clearly settled in the federal courts. In *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973), this court rejected strict application of the doctrine of *respondeat superior* in a civil rights action. *See also Goode v. Rizzo*, 506 F.2d 542, 550 (3d Cir. 1974), *cert. granted*, 420 U.S. 1003, 95 S.Ct. 1443, 43 L.Ed.2d 760 (1975); *Draeger v. Grand Central, Inc.*, 504 F.2d 142 (10th Cir. 1974). Other courts, while not embracing the law of master and servant, have noted circumstances in which vicarious liability might be imposed. *See Tuley v. Heyd*, 482 F.2d 590, 594 (5th Cir. 1973) (sheriff's vicarious liability for acts of deputy controlled by state law); *Wright v. McMann*, 460 F.2d 126, 134–35 (2d Cir. 1972), *cert. denied*, 409 U.S. 885, 93 S.Ct. 115, 34 L.Ed.2d 141 (1972) (liability imposed for unconstitutional conditions of confinement about which prison warden should have known and for which he bore ultimate responsibility under New York law); *Whirl v. Kern*, 407 F.2d 781, 791–92 (5th Cir.), *cert. denied*, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969) (sheriff held to constructive knowledge of the judicial termination of charges against one in his custody). *Cf. Fisher v. Volz*, 496 F.2d 333, 349 (3d Cir. 1974) (noting differences of opinion in the federal courts and holding only that doctrine of *respondeat superior* will not support an award of punitive damages).

However, whatever the standing of vicarious liability in the federal courts, plaintiff's complaint can be read as seeking relief under a theory of direct liability, *i. e.*, that defendant failed to provide proper training for his subordinates. Indeed, this theory, although inartfully phrased, was advanced by plaintiff in his response to the motions to dismiss for failure to state a claim. This court has recently noted that such a theory of direct liability "is not totally without legal support." *Ailshire v. Darnell*, 508 F.2d 526, 528 (8th Cir. 1974).

We conclude that at this stage of the litigation plaintiff's attempt to state a claim for relief is not necessarily frustrated by the arguable inapplicability of the doctrine of *respondeat superior*. We have not otherwise examined the merits of the motion for dismissal as those matters remain for the district court on remand.