605 P.2d 959

Dale S. **KIRKHAM** and Bodell S. Kirkham, husband and wife, Merrill J. Sharp and Winnie Sharp, husband and wife, J. P. Merkley and Mary Merkley, husband and wife, Taylor F. Cottle and Veneta Cottle, husband and wife, Calvin Buhler and Elizabeth G. Buhler, husband and wife, and Paul S. Thompson and Marba Thompson, husband and wife, Plaintiffs-Appellants,

v.

**4.60 ACRES OF LAND IN VICINITY OF INKOM, BANNOCK COUNTY, Idaho,** Robert E. Colling and Lila Colling, husband and wife, Lena A. Colling, a widow, First Security Bank of Idaho, Farmers Home Administration, Melvin J. Anderson and Marjorie L. Anderson, husband and wife, James A. Kirk and Sylvia E. Kirk, husband and wife, and John Doe and Jane Doe, unknown owners, Defendants-Respondents.

No. 12745.

Supreme Court of Idaho.

Jan. 28, 1980.

John B. Kugler, Pocatello, for plaintiffs-appellants.

William D. Olson and Gary L. Cooper of Racine, Huntley & Olson, Pocatello, for defendants-respondents Colling.

James A. Kirk, Pocatello, pro se.

McFADDEN, Justice.

The issue presented on appeal is whether the trial court abused its discretion in dismissing, sua sponte, the above entitled action with prejudice because neither party took any affirmative action in the case for a period of 21 months. The facts relevant to this appeal are as follows: Plaintiffs-appellants instituted this private condemnation action on September 21, 1972, to condemn a right-of-way across certain lands owned by defendants-respondents. A trial on the matter was set for June 4, 1975, but on that date the trial court refused to hold a trial until it had an opportunity to view the land at issue and counsel for respondents submitted additional information on the four routes providing access to appellants' allegedly land-locked property. The trial court and the parties agreed to view the proposed routes on July 1, 1975, and the

trial judge stated that he would set a time for trial after that date, if a trial was still necessary. The record does not reveal whether the July 1 meeting took place.

On August 27, 1975, appellants moved to amend their complaint because the description of the proposed route to be condemned was erroneous. The motion was denied September 15, 1975.[1] Thereafter, neither party took any action in the matter for a period of approximately twenty-one months.

On May 12, 1977, the trial judge issued the following notice:

"No action has been taken in the above entitled matter since September [15], 1975 when plaintiffs' Motion for Leave to Amend Complaint was argued and denied.

"If no AFFIRMATIVE action has been taken by May 24, 1977, the action will be dismissed as provided by law and the rules of this court."

The notice indicates that copies of it were mailed to counsel for both parties and to defendants-respondents James and Sylvia Kirk, who appeared pro se. Neither party responded to the notice and on May 25, 1977, an order was entered which dismissed the action with prejudice. Six days later John Kugler was substituted for Garth Pincock as appellants' attorney and on June 2, 1977, appellants moved to vacate the May 25 order of dismissal on the grounds that Garth Pincock did not recall seeing the notice of dismissal and that the same could not be located at his office. Appellants' motion to vacate the dismissal was denied[2] and this appeal followed.

 It is well settled in Idaho that the trial court has the authority to dismiss a case because of a failure to prosecute, and that the trial court's exercise of such authority will not be disturbed on appeal unless it is shown that there was a manifest abuse of discretion. *Warden v. Lathan*, 96 Idaho 34, 524 P.2d 162 (1974). The instant action was commenced in the Sixth Judicial District of the State of Idaho, which has adopted a local rule providing for the dismissal of inactive cases pursuant to its authority to make rules governing its internal case management and procedure. I.R.C.P. 1(c). When this action was dismissed on May 25, 1977, local rule no. 7 of the Sixth Judicial District Court provided:

"7. DISMISSAL OF CIVIL CASES.

"Civil cases which have been set for trial by Court order and the trial date is thereafter continued either by stipulation or motion, will be placed on an inactive status, and will not again be calendared for trial until a request for trial setting is made pursuant to Rule 40(b) I.R.C.P.

"*Such cases will be subject to dismissal for inaction after one (1) year pursuant to Rule 40(c) IRCP.*

"Every 60 days of each term each judge will list the cases which have remained inactive one year or more and after notice to counsel, unless same are reactivated within ten days thereafter such cases will be subject to dismissal by the Court." (Emphasis added.)

Having reviewed the record on appeal, this court does not find any abuse of discretion on the part of the court below in dismissing this case pursuant to the above rule. Granted, on June 4, 1975, the date originally set for trial of this matter, the trial judge stated that he would set a new trial date if a trial was necessary. However, approximately three months later this case was again before the trial court on appellants' motion for leave to amend; and following the denial of that motion neither party took any action until after the case was dismissed, almost two years later. Local Rule no. 7, which is set forth above, requires the parties to request a new trial date if a civil case which has been set for trial is thereafter continued.

1. The transcript from the hearing on appellants' motion for leave to amend is not included in the record on appeal and there is nothing in the record to indicate why the motion was denied.

2. The transcript from the hearing on appellants' motion to vacate the dismissal is not included in the record on appeal and there is nothing in the record to indicate why the motion was denied.

784

Moreover, either party to this action could have prevented its dismissal by taking some affirmative action during the twelve days following the notice of pending dismissal. Appellants' only argument in this regard is that their attorney below, Garth Pincock, does not recall seeing the notice of dismissal and that the same could not be located at his office. This court cannot presume that the notice of pending dismissal was not sent from the fact that appellants' attorney does not recall seeing it. *Hendrickson v. Sun Valley Corp., Inc.*, 98 Idaho 133, 559 P.2d 749 (1977).

 This court notes, however, that local rule no. 7 requires an order of dismissal for inaction to be made pursuant to I.R.C.P. 40(c). When the instant action was dismissed, I.R.C.P. 40(c) provided:

> *Dismissal Of Inactive Cases.*—In the absence of a showing of good cause for retention, any action or proceeding, except for guardianships, conservatorships, and probate proceedings, in which no action has been taken for a period of one (1) year shall be dismissed, *without prejudice,* at any time. At least 10 days prior to such dismissal, the clerk shall give notification of the pending dismissal to all attorneys of record in the action or proceeding subject to dismissal under this rule." (Emphasis added.)

It should be noted that a dismissal under I.R.C.P. 40(c) is *without prejudice.* We therefore hold that the trial court should have dismissed the instant action without prejudice, as required by I.R.C.P. 40(c) as well as local rule no. 7.

On appeal, respondents urge us to affirm the dismissal of this action "with prejudice" on the basis of I.R.C.P. 41(b). I.R.C.P. 41(b) provides, inter alia, that "*a defendant* may move" for the dismissal of an action for failure of the plaintiff to prosecute. Such a dismissal "operates as an adjudication upon the merits" unless the court specifies otherwise. This court notes, however, that I.R.C.P. 41(b) is expressly limited to instances where *the defendant has moved for dismissal* because of the plaintiffs' failure to prosecute. *Burns Mortgage Co. v. Stoudt,* 2

F.R.D. 219 (Dist.Ct.E.D.Pa.1942); 5 Moore's Federal Practice § 41.11[2], at 41–118, § 41.14[1], at 41–201 (2d ed.). In the instant case respondents (defendants below) never moved to dismiss this action because of plaintiffs' failure to prosecute. We therefore conclude that I.R.C.P. 41(b) is inapplicable to the instant case and this court cannot rely on it to affirm the dismissal of this action "with prejudice."

In addition, it is generally recognized that the dismissal of a case "with prejudice" is a drastic remedy which should be used sparingly. *Navarro v. Chief of Police, Des Moines, Iowa,* 523 F.2d 214 (8th Cir. 1975); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970). As stated in *Durham v. Florida East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir. 1967):

> " '[T]he sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion.' [Case cited] The decided cases, while noting that a dismissal [with prejudice] is a discretionary matter, have generally permitted it only in the face of a clear record of delay or contumacious conduct by the plaintiff."

The dismissal of the instant case should have been "without prejudice" to accord with the Sixth Judicial District's local rule no. 7, and I.R.C.P. 40(c).

 Appellants further argue that the trial court abused its discretion in refusing to reinstate this action on appellants' motion to vacate the order of dismissal. Although there is nothing before this court to indicate why the motion was denied, we hold that it was error to refuse to vacate the order. While the district judge is authorized to exercise discretion in granting or refusing to grant a motion to vacate a judgment, the discretion must be exercised within well defined rules of law and is reviewable. *Voellmeck v. Northwestern M. L. Ins. Co.,* 60 Idaho 412, 417, 92 P.2d 1076, 1077 (1939). In determination of the question of abuse of discretion, the power of the court should be fully and liberally exercised under the statute so as

to dispose of cases substantially upon the merits. *Swanson v. State,* 83 Idaho 126, 133, 358 P.2d 387, 390 (1961). It is generally held that the trial court abuses its discretion when it fails or refuses to properly apply the law. In this case, the trial court erroneously dismissed the case with prejudice as discussed above. The court erred in applying both local rule 7 and I.R.C.P. 40(c). The appellants were precluded from having their day in court. Therefore, it was an abuse of the court's discretion to not vacate its order of dismissal.

Appellants also claim that the court below erred in failing to rule on their objections to a cost bill submitted by defendants-respondents Robert E. and Lila Colling, and Lena A. Colling. The order being reversed, the cost bill is premature.

The order of dismissal is reversed. Costs to appellants, but no attorney fees allowed on appeal. The petition for rehearing is denied.

DONALDSON, C. J., and BAKES, J., concur.

BISTLINE, Justice, specially concurring.

The result achieved in the Court's opinion is sound, and I concur therein. The motion to vacate the dismissal should have been granted. *Bunn v. Bunn,* 99 Idaho 710, 587 P.2d 1245 (1978); *Stoner v. Turner,* 73 Idaho 117, 247 P.2d 469 (1952). Obviously the trial court denied the motion on a conclusion that the showing was insufficient. While the supporting affidavit might have been more affirmatively worded, a dismissal for lack of prosecution should almost automatically be vacated where counsel states that he cannot find the notice of pending dismissal in his office and cannot recall having seen it. It is my belief that the trial bench generally accords with the philosophy that even though an item is mailed, an attorney will ordinarily believe another attorney who states that he did not receive it. *Cunningham v. Bundy,* 100 Idaho 456, 600 P.2d 132 (1979).

SHEPARD, Justice, concurring and dissenting.

I agree with the majority opinion that the trial court herein lacked authority to dismiss the action *with prejudice.* I disagree, however, with the majority opinion wherein it holds that the "trial court abused its discretion in refusing to reinstate this action on appellants' motion to vacate the order of dismissal." As indicated in the majority, there is no indication as to the reason for the denial of the motion and hence the majority *presumes* that the trial judge erroneously exercised his discretion. The question is not whether the trial court erred in its order of dismissal *with prejudice,* but rather whether the trial court erred in refusing to reinstate the action after it correctly had been dismissed without prejudice. In my judgment, the ruling of the majority ignores the consequences which might flow from the differentiation of *reinstating* the original action as contrasted with filing a new action.