**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39335**

| | | |
|---|---|---|
| **STEPHEN FLOYD ULLRICH,** | ) | **2012 Unpublished Opinion No. 584** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: August 8, 2012** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **L. HINES and DR. APRIL DAWSON, M.D.,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendants-Respondents.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Judgment dismissing action, <u>affirmed</u>.

Stephen Floyd Ullrich, Boise, pro se appellant.

Respondents did not participate on appeal.

_____

LANSING, Judge

Stephen Floyd Ullrich appeals from the district court's order dismissing his civil complaint pursuant to Idaho Rule of Civil Procedure 40(c). We affirm.

**I.**

**BACKGROUND**

On June 16, 2009, Ullrich, an inmate in the custody of the Idaho Department of Correction (IDOC), filed a complaint against L. Hines, Dr. Dawson, and John or Jane Does 1 through 30 alleging medical malpractice, nonfeasance, malfeasance, and violation of contract. Ullrich filed a motion for summary judgment the same day. The district court denied the motion because Ullrich had not served the defendants. On August 20, two copies of the summons and complaint were personally served on a deputy attorney general for IDOC. The deputy attorney general responded by informing Ullrich that he could not accept service on behalf of any of the named defendants because none were IDOC employees. The deputy attorney general also suggested that the named defendants may be employees of a private corporate entity, and

provided Ullrich with the contact information of local counsel who may represent the individuals' employer.

On October 6, Ullrich filed a motion for default alleging the defendants had not answered the complaint. The district court entered an order stating that it could not rule on Ullrich's request for default because Ullrich had not shown that he had served the defendants. Ullrich filed a supplemental motion for default on December 21. On January 10, 2010, Ullrich filed a document entitled "Supplemental Civil Complaint Clarified" naming the "State of Idaho (Governor)" as a defendant. On March 29, 2010, the court entered an order denying Ullrich's motion for default, as follows:[1]

> THIS MATTER having come before the Court on the Plaintiff's motion for entry of default and default judgment. The Court heard argument on March 9, 2010, the Idaho Board of Correction and Idaho Department of Correction represented by Deputy Attorney General William Loomis, Plaintiff, appearing *pro se*. After considering the documents provided by Mr. Loomis and the arguments presented, it is hereby ORDERED as follows:
> 1.    Proper service of the complaint was not made upon the Idaho Board of Correction, the Department of Correction or any party named in complaint. The Court finds no basis for the entry of default and the motion is denied. Plaintiff is granted leave to file an amended complaint and all parties named in the amended complaint must be served in accordance with the rules of civil procedure.

On April 20, 2011, Ullrich filed an amended complaint listing "L. Hines, et. al." as the defendants. On October 17, the district court entered an order of dismissal, without prejudice, pursuant to I.R.C.P. 40(c) after determining that "no service of process has occurred in this case since the filing of a complaint and summons in July of 2009." Ullrich appeals.

## II.

## ANALYSIS

Ullrich's pro se appellate brief, like his pro se complaint and subsequent filings, is largely unintelligible. Thus, it is difficult to discern or characterize the nature of the issues or arguments presented in this appeal. His general claim seems to be that the district court erred in dismissing

---

[1]    Ullrich appealed the denial of his motion for entry of default. In an unpublished decision, this Court determined that the appeal was premature because no final judgment had been entered in the case. *Ullrich v. Hines*, Docket No. 37558 (Ct. App. Oct. 29, 2010) (unpublished).

his case due to lack of service because he served a deputy attorney general with the summons and complaint and proof of service was filed with the court.

Rule 40(c) provides, in pertinent part, "In the absence of a showing of good cause for retention, any action . . . or proceeding . . . in which no action has been taken or in which the summons has not been issued and served, for a period of six (6) months shall be dismissed . . . without prejudice." "It is well settled in Idaho that the trial court has the authority to dismiss a case because of a failure to prosecute, and that the trial court's exercise of such authority will not be disturbed on appeal unless it is shown that there was a manifest abuse of discretion." *Kirkham v. 4.60 Acres of Land*, 100 Idaho 781, 783, 605 P.2d 959, 961 (1980). *See also Agrodyne, Inc. v. Beard*, 114 Idaho 342, 345, 757 P.2d 205, 208 (Ct. App. 1988). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Ullrich has not demonstrated that he served the defendants in this case in compliance with requirements of I.R.C.P. 4. Although service upon the state of Idaho or any state agency thereof can be accomplished "by delivering two (2) copies of the summons and complaint to the attorney general or any assistant attorney general," I.R.C.P. 4(d)(5), and although Ullrich did deliver two copies of the summons and original complaint to a deputy attorney general, the original complaint did not name the State or any state agency as a defendant. Thus, the service Ullrich effectuated was not made upon a named defendant, and therefore, was not effective. Ullrich eventually filed a supplemental complaint naming the state of Idaho as a defendant and mailed it to the attorney general's office as well as certain corporations, but Ullrich has not shown that he ever served the State with a copy of the supplemental complaint in compliance with I.R.C.P. 4(d)(5). Nor has Ullrich demonstrated that he served either of the named individual defendants pursuant to I.R.C.P. 4(d)(2). Furthermore, Ullrich has not demonstrated that any good cause existed for the retention of his case when neither the original complaint nor the supplemental complaint had been properly served on any named defendant within the period of more than two years since the action was filed. Because pro se litigants are held to the same

3

standards as those represented by counsel, *Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990), Ullrich is not excused from abiding by procedural rules merely because he may not have been aware of the applicable rules. *See id.* Therefore, the district court did not abuse its discretion by dismissing the case pursuant to Rule 40(c).

We conclude the district court did not err in dismissing Ullrich's civil complaint for failure to accomplish service of process as required by the Idaho Rules of Civil Procedure. The order of the district court dismissing the complaint is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**