554 P.2d 935
**Thomas C. FROST, Plaintiff,**
v.
**Everett D. HOFMEISTER, Real Party in Interest and The Honorable James G. Towles, District Judge, First Judicial District of the State of Idaho, Defendants.**
No. 12130.

Supreme Court of Idaho.
Sept. 22, 1976.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Gordon S. Nielson, Sr., Deputy Attys. Gen., Boise, for plaintiff.

Thomas A. Mitchell, Everett D. Hofmeister, Coeur d'Alene, for defendants.

McFADDEN, Chief Justice.

This original proceeding was initiated by plaintiff Thomas C. Frost, who filed an application for an alternative writ of prohibition and writ of review. Frost seeks to prevent enforcement of an order entered on December 8, 1975 by the District Court of the First Judicial District, Bonner County. The plaintiff's application was granted by this court, and the requested writs were subsequently issued. The writ of prohibition is made permanent as to defendant James G. Towles, District Judge, and quashed as to defendant Everett D. Hofmeister. Under the writ of review, the order appealed is reversed.

This proceeding arises out of alleged actions by plaintiff Frost in June of 1975, while he was acting as special prosecuting attorney for Bonner County. Frost was involved in an investigation of the death of defendant Hofmeister's wife, June Hofmeister. At that time, a grand jury was inquiring into the cause of her death; Hofmeister was subsequently indicted by the grand jury for the murder of his wife, was tried and found not guilty by the jury. Hofmeister was simultaneously involved in a civil lawsuit, *Hofmeister v. New York Life Insurance Co.*, No. 33242, in the District Court for the First Judicial District, Bonner County. In that suit Hofmeister was attempting to collect the proceeds of a life insurance policy insuring the life of Mrs. Hofmeister. The cause of her death was at issue in that lawsuit.

In June, 1975, Hofmeister sought to depose several law enforcement officers who participated in the investigation of June Hofmeister's death. Frost, as special prosecutor, petitioned the court for a protective order to prevent Hofmeister, during the taking of the depositions, from inquiring into certain aspects of the criminal investigation. Frost asserted several grounds for the order, primarily involving claimed privilege as to grand jury proceedings. Judge Towles orally granted the protective order in some particulars and refused to grant protection in others. No written order was executed. At the time of the depositions, Frost advised the deponents to not answer numerous questions, and they refused to answer whenever so advised. No further action was taken at that time under the provisions of I.R.C.P. 37(a) or otherwise to compel the deponents to answer those questions which were left unanswered.

In November, 1975, Hofmeister moved the district court to cite Frost for contempt for his alleged failure to comply with the court's June discovery order, and to additionally assess costs and attorney's fees.[1]

---

1. Hofmeister's motion was as follows: "Comes now the plaintiff and moves that the Court hold Thomas Frost in contempt for failure to comply with the ruling of the above captioned Court made and given at the hearing of June 11, 1975. This motion is based upon Rule 37(b) and Rule 37(e) of the Idaho Rules of Civil Procedure, and upon the transcript of the Court's remarks and rulings at the hearing dated June 11, 1975, in the above captioned matter, and upon the brief, affidavits and exhibits submitted herewith. It is further moved that Plaintiff, in accordance with the foregoing, recover attorneys fees and

Hofmeister accompanied his motions with a brief, but did not include any affidavits. Frost received notice of the hearing on the motions; Deputy Attorney General Lynn Thomas, representing Frost, advised the court by telephone that Frost objected to the contempt proceedings on the grounds that the court was without jurisdiction to hear a contempt matter absent supporting affidavits. Frost later submitted by mail a written objection to jurisdiction.

Frost was neither present nor represented at the hearing held before Judge Towles on December 8, 1975. Judge Towles ruled at that time that he had no jurisdiction to enter a contempt citation in the absence of supporting affidavits. Relying on I.R.C.P. 37, he then decreed that Frost violated the discovery order, and ordered him to pay Hofmeister $991.00, including reimbursement for attorney's fees for the day of the deposition, the cost of the reporter taking those depositions, and the attorney's fees incurred in the December hearing.

Frost applied to this court for alternative writs of prohibition and writ of review. This court thereafter issued both writs. The writ of prohibition, as requested by Frost, prohibited either defendant from enforcing or executing the district court order of December 8, 1975, until further ordered by this court. Frost also seeks a permanent prohibition against any further sanction proceedings by either defendant based on his alleged advice to the deponents on June 11, 1975.

In determining whether the district court was empowered to enter the December 8, 1975 order, this court first addresses plaintiff's argument that what that court actually did was to enter a contempt citation without having jurisdiction to do so. It is apparent from the record that the trial court refused to cite Frost for contempt, citing as its reason this court's holding in

*Bandelin v. Quinlan,* 94 Idaho 858, 499 P. 2d 557 (1972), wherein this court held that failure to submit affidavits is a jurisdictional defect in indirect contempt proceedings. No affidavit was submitted in the instant case, and there is no reason to believe that the trial court was attempting to enter a contempt citation under some other denomination. As the trial court did not cite Frost for contempt, the issue of whether a contempt citation could have been properly entered is not presented.

The trial court did attempt, pursuant to I.R.C.P. 37, to impose the alternative sanctions requested by Hofmeister's motion. That rule is the basis for determining whether the court was authorized in the extant circumstances to order Frost to pay costs to Hofmeister. No other basis for the order is cited, and absent authorization by Rule 37, the trial court could not rightfully enter the order.

Rule 37 provides procedures for obtaining an order to compel discovery against recalcitrant opponents, party or non-party. Four sections provide for assessment of costs in specified circumstances relating to failure to respond to deposition questions: Rule 37(a)(4), Rule 37(b), Rule 37(d), and Rule 37(e). It is the conclusion of the court that one of these provisions are applicable here, and that the district court was without authority to enter the order. This conclusion is based on the following reasons.

The Idaho Rules of Civil Procedure, as amended January 1, 1975, establish a procedure whereby parties themselves accomplish discovery with minimal court intervention; depositions are arranged by merely giving notice to deponents. Rule 26 allows an aggrieved deponent to seek protection from the court if he believes the deposition is in some way wrongful. Similarly, if a deponent refuses to appear for

costs by reason of the conduct of the said Thomas Frost." Plaintiff argues that the motion was not adequate to put him on notice of any sanction save that of contempt, and that a Rule 37 penalty is therefore improper.

The court does not reach the question of adequacy of notice, as Rule 37 sanctions were not otherwise appropriate in the circumstances.

deposition, or improperly refuses to answer questions, the party seeking discovery may ask the court to intervene by requesting an order to compel discovery. If the court finds that the deponent refused without justification to answer a question, then it may issue the order to compel discovery. The rules provide penalties if the deponent again refuses after being ordered to answer by the court. The court participates in the discovery process only if the parties are unable to work together, but no sanction can be imposed until the court has become involved.

■ Rule 37(a)(4)[2] allows a party to recover the costs of obtaining an order to compel discovery, subject to specified exceptions not applicable here. However, when no motion has been made for an order to compel discovery, no costs may be recovered. 4A Moore's Federal Practice, ¶ 37.02[10.–1] (1975). Thus, Rule 37(a)(4) can apply only if a motion was made to compel discovery.

■ Rule 37(b)[3] provides sanctions after a failure to obey an order to compel discovery. Different sanctions are allowed in different situations, but all have one com-

2. Rule 37(a)(4):
"Award of expenses of motion. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."

3. Rule 37(b). *"Failure to comply with discovery order—Sanctions.*—(1) Sanctions by court in district where deposition is taken. If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that court.

(2) Sanctions by court in which action is pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit dis-

covery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring him to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that he is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

mon denominator: no penalty can be imposed under Rule 37(b) unless the court has first denied or issued an order compelling discovery and the deponent has failed to comply. Wright & Miller, Federal Practice and Procedure, § 2289 (1970); *Cates v. LTV Aerospace Corp.*, 480 F.2d 620 (5th Cir.1973).

■ Thus, both Rule 37(a)(4) and Rule 37(b) are inapplicable if there has not been a motion made or an order entered to compel discovery. No such motion or order was ever made in the instant case.

The only order made by the court prior to the imposition of the cost assessment was that made by Judge Towles at the June 11, 1975 hearing on Frost's motion for a protective order. At that hearing, Judge Towles orally granted protection as to certain matters: Hofmeister could not ask the deponents questions concerning what the testimony was before the grand jury. He refused to enter protective orders as to those matters actually known as a matter of first-hand knowledge by the deponents. However, the refusal to grant protective orders as to the information did not amount to an order to compel discovery of those matters. Judge Towles specifically noted that he would not order discovery of any particular item:

"The question of whether or not that is privileged testimony is something I am not going to decide here, because I don't know what the question would be, have no idea what the subject is, or have no way of knowing, at this time, the extent

of any privilege, that might go to privilege * * * I can see no harm in the deposition proceeding, provided that the witness, as he would always be entitled to, could refuse to answer concerning any privileged information, and it is going to be up to the attorney for the deponent to make up his mind as what he thinks is privileged or what isn't. And whatever happens, think it is something else. But there would be a proceeding after that, if the witness refused to answer, that the court could rule on the question as to whether or not the question asked would violate any privileged information. There is no way I could sit here today and try to take care of the different possibilities in this case, but that extent I would issue the protective order that would forbid any questions concerning what the testimony was before the grand jury and let the regular discovery rules take over and think everything will probably come out in the wash." (Rptr. Trans. pp. 18–19, 20–21.)

Judge Towles' comments can in no way be construed as an order to compel discovery. Further, the record discloses that Hofmeister never requested such an order, either by written or oral motion. Absent an order to compel discovery, and absent a motion for that order, Rules 37(a)(4) and 37(b) are inapplicable to the situation and these rules do not provide the authorization needed to allow the trial court to assess costs against Frost.

■ Rule 37(d) [4] allows costs to be assessed against a party on his attorney for

4. Rule 37(d). *"Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection.*—If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a re-

quest for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the fail-

failure to attend depositions. Assessment of costs under Rule 37(d) does not require a prior order to compel discovery. Wright and Miller, supra, § 2289. However, the rule is limited to instances of failure to appear and does not apply if the party appears and is sworn, even though the deposition is unproductive because of the deponent's refusal to answer the questions put to him. Wright and Miller, supra, § 2291; *Independent Productions Corp. v. Loew's, Inc.*, 283 F.2d 730 (2d Cir.1960); *SEC v. American Beryllium and Oil Corp.*, 303 F. Supp. 912 (S.D.N.Y.1969). In the instant case, all deponents appeared and were sworn, although they later refused to answer some questions. Sanctions under Rule 37(d) are not appropriate under these circumstances.

■ Rule 37(e) [5] provides for assessment of costs against a party who refuses to obey any order of the court made pursuant to the rules. As noted above, Frost was not ordered to do anything with respect to the depositions. He therefore could not have refused to obey any order.

No section of Rule 37 is applicable to allow assessment of costs absent a motion to compel discovery when a non-party refuses to answer questions at deposition. The proper procedure for Hofmeister to follow would have been to ask for an order to compel discovery, as Judge Towles' initial comments suggested. He did not do this, and cannot now ask for sanctions which would have been proper had he followed the prescribed procedure. Absent the authority of Rule 37, the court was without power to assess costs against Frost.

■ Hofmeister further argues that a writ of prohibition is not appropriate and that Frost should have instead perfected an appeal. This position is based on the assumption that Frost became a party to the action by involving himself in the discovery process; otherwise, an appeal would not be possible. I.C. § 13–103. It is the conclusion of the court that Frost did not become a party to that action, and as an appeal was not available to him, the writ of prohibition is the proper remedy.[6] See *Carpenter v. Wells*, 358 S.W.2d 524 (Ky. 1962).

■ This court initially issued the writ of prohibition against both defendants Towles and Hofmeister. The court concludes that the writ was improvidently issued as to defendant Hofmeister. The writ of prohibition is statutorily provided to "arrest the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction" of that entity. I.C. § 7–401. It is appropriate only when a jurisdictional question is involved. *Dey v. Cunningham*, 93 Idaho 684, 471 P.2d 71 (1970). It is not properly used to enjoin a person who is not exercising a judicial or quasi-judicial function. 63 Am.Jur.2d, Prohibition § 6 (1972). Defendant Hofmeister is merely a private citizen attempting to use the courts. He cannot be said to be in excess of any jurisdiction, nor is he exercising any judicial or quasi-judicial power. The writ of prohibition is improper as to Hofmeister, and is quashed as to him.

Because the order of December 8, 1975 was invalid, the writ of prohibition is here-

---

ure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)."

5. Rule 37(e). *"General sanctions—Failure to comply with any order.*—In addition to the sanctions above under this rule for violation

of discovery procedures, any court may in its discretion impose sanctions or conditions, or assess attorney's fees, costs or expenses against a party or his attorney for failure to obey an order of the court made pursuant to these rules."

6. The instant case is distinguishable from the case of *Allen v. Keane*, 74 Idaho 385, 262 P.2d 998 (1953), in that the person seeking a writ of prohibition in that case was a party, the plaintiff, who clearly had a right to appeal the order.

by made permanent as to defendant Judge Towles. The order and decree requiring payment by plaintiff of attorney's fees and costs to Hofmeister is reversed (I.C. § 7-209).

DONALDSON and BAKES, JJ., and SCOGGIN and MAYNARD, D. JJ., concur.