817 P.2d 196

**John MADSEN, Plaintiff–Appellant,**

v.

**Jerry NUXOLL, Defendant–Respondent.**

**No. 18977.**

Court of Appeals of Idaho.

Sept. 17, 1991.

John Madsen, pro se appellant.

Larry J. EchoHawk, Atty. Gen., Ann Cosho, Deputy Atty. Gen., Boise, for respondent. Ann Cosho argued.

Before WALTERS, C.J., SILAK, J. and HART, J., pro tem.

PER CURIAM.

This is an appeal in a civil action brought by the plaintiff-appellant, John Madsen, against an employee of the Department of Health and Welfare, alleging tortious conduct by the employee, Jerry Nuxoll, during a telephone conversation. Madsen appeals from an order of the district court dismissing the case for inactivity pursuant to I.R.C.P. 40(c). We affirm.

The action was commenced on January 16, 1987, and was thereafter temporarily abated due to an interim appeal. *See Madsen v. Idaho Dept. of Health and Welfare,* 116 Idaho 758, 779 P.2d 433 (Ct.App.1989) (*Madsen I*). As a result of the disposition of *Madsen I,* the present claim remained pending in the district court. The remittitur in *Madsen I* was entered on September 27, 1989. On October 4, 1989, Madsen filed a motion for permission to amend his complaint. The record on appeal indicates that no further action was taken with respect to this motion. However, on May 29, 1990, the district court mailed a "Notice of

Dismissal" pursuant to I.R.C.P. 40(c) advising the parties that the case would be dismissed by reason of inactivity unless within fourteen days one of the parties showed good cause for retention of the case. On June 27, Madsen filed a document requesting that the case be reopened, representing, *inter alia*, that the notice of dismissal had not been received by him until after June 20, 1990. Thereafter, on August 2, 1990, the court entered another order, giving Madsen sixty days to show good cause for retention of the case, and expressing its intention to dismiss the action in the absence of such a showing. Madsen responded on August 3; however, he did not provide any cogent reasons to retain the case. On October 4, the court dismissed the action, noting that the case had been pending for almost four years and that no answer had been filed nor had any discovery been undertaken. The court concluded that Madsen had not shown any good cause for retention. Madsen has appealed from the dismissal order.

 Madsen's arguments on this appeal can best be summarized as an expression of dissatisfaction with the discretionary decision of the district court to dismiss the case under I.R.C.P. 40(c). It is well-settled that the dismissal of an action under I.R.C.P. 40(c) is a matter within the sound discretion of the trial court. *Kirkham v. 4.60 Acres of Land*, 100 Idaho 781, 605 P.2d 959 (1980); *Agrodyne, Inc. v. Beard*, 114 Idaho 342, 757 P.2d 205 (Ct. App.1988). When an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-part inquiry focused upon (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with the legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 803 P.2d 993 (1991); *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). As a correlative principle, the appellant bears the burden to demonstrate an abuse of discretion. *See, e.g., Turner v. Willis*, 116 Idaho 682, 684, 778 P.2d 804, 806 (1989) (exercise of discretion in award of attorney fees); *Hellar v. Cenarrusa*, 106 Idaho 571, 577, 682 P.2d 524, 530 (1984); *Anderson v. Ethington*, 103 Idaho 658, 660, 651 P.2d 923, 925 (1982).

 Here, no genuine issue has been raised as to the legal standards governing the court's discretion to dismiss the case, nor has the appellant presented a cogent challenge to the judge's reasoning process in exercising that discretion. Accordingly, we hold that no abuse of discretion has been shown.

At oral argument, counsel withdrew Nuxoll's request for attorney fees; however, counsel requested that this Court issue an order requiring Madsen to submit any further pleadings to this Court for review before filing them with the district court. We decline to issue such an order because the control of the district court's docket is best left to the district court.

The order of dismissal is affirmed. Costs to respondent; no attorney fees on appeal.