# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 40170

MARVIN F. MORGAN,              )
                               )
   Plaintiff-Appellant,        )
                               )      Boise, February 2014 Term
                               )
v.                             )      2014 Opinion No. 36
                               )
MICHAEL ALEXANDER DEMOS, M.D., )      Filed: March 19, 2014
JOHN D. CHAMBERS, JR., M.D., and )
IDAHO HEART INSTITUTE, P.C.,   )      Stephen W. Kenyon, Clerk
                               )
   Defendants-Respondents.     )
_____ )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

The judgment of the district court is <u>affirmed</u> in part and <u>vacated</u> in part.

M. Brent Morgan, Chtd., Pocatello, for appellant. M. Brent Morgan argued.

Carey Perkins LLP, Boise, for respondents. Matthew F. McColl argued.

_____

J. JONES, Justice.

Appellant Marvin F. Morgan appeals the dismissal of his wrongful death action under I.R.C.P. 40(c), as well as an order imposing sanctions against him and his former attorney pursuant to I.R.C.P. 37(a)(4). We affirm the judgment dismissing the case without prejudice but vacate the order granting sanctions.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Marvin F. Morgan, acting through his former counsel Lowell Hawkes, filed a complaint against Dr. John Chambers, Dr. Michael Demos, and the Idaho Heart Institute ("Respondents") on August 3, 2006. Therein, Morgan asserted that he was entitled to special and general damages as a result of the wrongful death of his wife, Ella Morgan. In January of 2004, Mrs. Morgan underwent testing at the Idaho Heart Institute in Idaho Falls. After reviewing Mrs. Morgan's test results, Dr. John Chambers recommended that she return for an angiogram. The Morgans

1

expected that Dr. Chambers would perform the angiogram. On February 3, 2004, Mr. Morgan drove Mrs. Morgan to the Idaho Heart Institute for her scheduled angiogram. Morgan asserts that it was not Dr. Chambers who performed the angiogram, but Dr. Michael Demos, a doctor who neither of the Morgans had ever met. Morgan alleges that Dr. Demos negligently performed the angiogram, "causing a dissection and damage to Mrs. Morgan's heart and right coronary artery, creating a medical emergency which then necessitated a high-risk medical procedure in an attempt to repair the damage." Mrs. Morgan passed away on February 24, 2004, purportedly because of complications resulting from the angiogram performed by Dr. Demos.

Respondents served their first set of interrogatories on October 19, 2006, requesting information regarding Morgan's expected expert witnesses. Morgan responded that his expert witnesses had yet to be determined but that his "[a]nswer will be supplemented upon determination of those experts which Plaintiff intends to call as an expert witness at the trial." On January 3, 2007, Respondents followed up with a new interrogatory that mirrored I.R.C.P. 26[1] and asked for "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Morgan responded on February 5, 2007, that "[e]xpert witnesses have not been determined" but that his "[a]nswer will be supplemented upon determination of those experts." On November 23, 2007, Respondents filed a motion for summary judgment. Morgan requested an extension of time in order to respond to Respondents' summary judgment motion. The district court assented and on May 28, 2008, Morgan filed his memorandum in opposition to Respondents' motion for summary judgment, which was

---

[1] Idaho Rule of Civil Procedure 26(b)(4) provides in part:

> (4) *Trial preparation--Experts.* Discovery of facts known and opinions held by experts, expected to testify, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained by interrogatory and/or deposition, including:
>> (A) (i) A complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; any qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the testimony; *and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.*

I.R.C.P. 26(b)(4) (emphasis added).

supported by the affidavit of Dr. Jay N. Schapira, a board-certified cardiologist. This affidavit did not include any of Dr. Schapira's testimonial history.

The district court held a hearing on Respondents' motion for summary judgment on June 9, 2008. The district court ultimately denied Respondents' motion based on its finding that Dr. Schapira's affidavit showed a genuine issue of material fact existed as to liability. Trial was set for March 30, 2009, and both parties were ordered to disclose their expert witnesses no later than 90 days before trial. On November 28, 2008, Morgan officially disclosed Dr. Schapira as one of his expert witnesses but, again, no testimonial history was included within that disclosure. Morgan supplemented his disclosure two more times on December 1, 2008, again omitting any testimonial history.

On March 20, 2009, ten days before trial was to begin, Respondents filed their first motion to exclude Dr. Schapira pursuant to Idaho Rules of Civil Procedure 26 and 37, on the grounds that Morgan had failed to provide Respondents with a complete history of Dr. Schapira's testimonial history. The district court held a hearing on this issue on March 24, 2009, and ordered Morgan to provide a complete list of Dr. Schapira's testimonial history by noon of the next day. Within thirty-five minutes of the conclusion of the hearing, Morgan provided a list of Dr. Schapira's testimonial history to Respondents. That list, however, proved to be incomplete. The list omitted at least four cases, including *Bond v. United States*, 2008 WL 655609 (D. Or., 2008).[2] In *Bond*, the trial judge noted:

> Dr. Schapira also is a very experienced medical/legal expert witness who charges $10,000 per day and who has testified at trial more than 100 times in his career; at least 20 times between 2000 and 2005. In 2005, he testified in depositions as many as 42 times . . . .

*Id.* at \*4. The list given to Respondents contained only five cases in 2008 and none in 2009. In light of Dr. Schapira's extensive testimonial history in prior years, as noted by the court in *Bond*, the Respondents deduced that numerous cases were missing from the list. Based on this "seemingly incomplete list," Respondents filed a renewed motion on March 25, 2009, to exclude Dr. Schapira. On the day that trial was to commence, March 30, 2009, the district court instead entertained Respondents' renewed motion.

---

[2] This is an unreported case out of the United States District Court for the District of Oregon.

At the March 30 hearing, Morgan's counsel, Lowell Hawkes, stated, "[t]he failing here, Your Honor, is mine in terms of not supplementing that interrogatory answer." The district court responded:

> I really don't see anything that tells me that this is—that the information is being withheld for any sort of untoward reason. I think it's carelessness. It's carelessness on the part of Dr. . . . Schapira to keep record, and he obviously testifies enough throughout the country, including a considerable amount in federal court, to know that these rules are in place. . . . But there's also a problem here with Mr. Hawkes, as he humbly admits today that he didn't follow through and didn't get this information out. . . . I think the defendant is entitled to have access to this information in order to prepare adequately for trial. On the other hand, I don't think that the remedy of excluding the witness, which may gut the plaintiff's case, is fair to the plaintiff. So the resolution that would seem to be best would be to continue the trial, and I think the case law is supportive of that, in order to facilitate further inquiry.

The trial was then reset for October 6, 2009.

On May 1, 2009, Respondents filed a motion for sanctions, seeking expenses, fees, and costs incurred as a result of the trial being reset. At a June 22 hearing, the district court granted the Respondents' motion. In its resulting Order Re: Motion for Sanctions, the district court ordered "Plaintiff and/or Plaintiff's counsel to pay . . . $5,000.00 as an expert witness fee for the retained and disclosed expert witness Craig Selzman, M.D.; travel expenses in the amount of $1,740.88 for Defendant Michael Demos, M.D.'s travel from Durango, Colorado; travel agency fees relative to booking and canceling hotels and airfare for Defendant Michael Demos, M.D. and Defendants' expert witnesses in the amount of $120.00; and attorney fees . . . in the amount of $3,135.00" for a grand total of $9,995.82. The district court outlined its rationale for this award not in the order itself, but rather at the motion hearing. There, the district judge stated he recognized it was "largely an issue of discretion" before awarding the above costs and expenses under I.R.C.P. 37(a)(4).

Apparently, no further action was taken in the case until August 17, 2009, when Respondents filed a second renewed motion to exclude Dr. Schapira. At the September 1, 2009 hearing on the motion, the district court stated: "I'll give Mr. Hawkes 72 hours to get [Respondents' counsel] any additional cases Dr. Schapira has dealt with up to the date of this hearing and make that a continuing duty to the date of trial. If he doesn't do that, I'll exclude Schapira." Subsequently, Morgan provided yet another list to Respondents. However, Respondents asserted that the list failed to include all of the "appropriate case names,

4

jurisdictional information, as well as case numbers." The Respondents then filed their third renewed motion to exclude Dr. Schapira on September 4, 2009. At the September 14, 2009 hearing on the matter, the district court granted Respondents' motion, stating: "At this point, I've had enough. I'm going to, under Rule 37(b), prohibit Dr. Schapira from testifying in this case." The district court's order did not contain any additional rationale. At the end of the September 14 hearing, Mr. Hawkes asked the district court to issue a 54(b) certificate so that its decision to exclude Dr. Schapira could be appealed. The district court, however, eventually indicated that a permissive appeal was more appropriate, and on March 8, 2010, it gave Morgan permission to appeal under I.A.R. 12(a). That same day, the status of the case was changed to "inactive."

Morgan sought this Court's permission to appeal but we denied Morgan's motion for such permission on May 13, 2010. Apparently, the district court "was not made aware of the Idaho Supreme Court's denial of Plaintiff's Motion for Permission to Appeal and the case remained on inactive status."

It was not until twenty one months later that further action was taken. On February 22, 2012, Morgan's current counsel, his son, M. Brent Morgan, filed a notice of substitution of counsel. Approximately one month later, on March 21, 2012, Morgan filed a motion to reopen and to reconsider the order excluding Dr. Schapira. Respondents filed a motion in opposition on April 3, 2012, and alternatively moved the district court to dismiss the case pursuant to Rules 40(c) and 41(b) of the Idaho Rules of Civil Procedure. A hearing on the motions was held on April 9, 2012. The district court ultimately denied Morgan's motion to reopen and reconsider and dismissed the case without prejudice pursuant to Rule 40(c). Morgan filed a motion to reconsider, which the district court denied on September 20, 2012. Morgan timely appealed to this Court.

## II.
### ISSUES ON APPEAL

I.     Whether the district court abused its discretion in dismissing Mr. Morgan's case without prejudice pursuant to I.R.C.P. 40(c).

II.    Whether the district court erred in awarding I.R.C.P. 37(a)(4) sanctions to Respondents.

III.   Whether either party is entitled to attorney fees on appeal.

## III.
### ANALYSIS

**A. Standard of Review**

Morgan claims the district court abused its discretion in dismissing the case and awarding sanctions. The applicable standard of review is well settled: "To determine whether a trial court abused its discretion, this Court inquires whether the trial court: (1) correctly perceived the issue as discretionary; (2) acted within the boundaries of its discretion; and (3) acted consistently with applicable legal standards and reached its decision by an exercise of reason." *J-U-B Engineers, Inc. v. Sec. Ins. Co. of Hartford*, 146 Idaho 311, 315, 193 P.3d 858, 862 (2008) (internal citations omitted).

**B. The district court did not abuse its discretion in dismissing Morgan's case without prejudice.**

Morgan asserts that the district court erred in treating dismissal under I.R.C.P. 40(c) as mandatory, rather than discretionary, and by failing to give proper notice. Respondents assert that the district court acted appropriately in dismissing the case, that their motion to dismiss gave Morgan actual and sufficient notice the case could potentially be dismissed, and that Morgan was given an opportunity to be heard.

In its order denying the motion to reopen, the district court granted Respondents' motion to dismiss pursuant to Rule 40(c). The district court reasoned that because "the only reason given for 21 months of inactivity was attorney neglect, Plaintiff has not shown good cause for retention of this case."

Idaho Rule of Civil Procedure 40(c) provides in part:

> **(c) Dismissal of Inactive Cases.** In the absence of a showing of good cause for retention, any action, appeal or proceeding . . . in which no action has been taken . . . for a period of six (6) months shall be dismissed. Dismissal pursuant to this rule in the case of appeals shall be with prejudice and as to all other matters such dismissal shall be without prejudice. At least 14 days prior to such dismissal, the clerk shall give notification of the pending dismissal to all attorneys of record, and to any party appearing on that party's own behalf, in the action or proceeding subject to dismissal under this rule.

I.R.C.P. 40(c). The notice requirement exists in order "to enable [counsel of record] to show good cause for retaining the case." *Rudd v. Merritt*, 138 Idaho 526, 529 n.1, 66 P.3d 230, 233 n.1 (2003).

Morgan's first assertion—that the district court incorrectly treated dismissal under Rule 40(c) as mandatory rather than discretionary—is unpersuasive. However, this particular argument presents the Court with the opportunity to clear up some apparent confusion as to the appropriate standard under Rule 40(c). The Court of Appeals has stated: "It is well-settled that

6

the dismissal of an action under I.R.C.P. 40(c) is a matter within the sound discretion of the trial court." *Madsen v. Nuxoll*, 120 Idaho 530, 531, 817 P.2d 196, 197 (Ct. App. 1991) (citing *Kirkham v. 4.60 Acres of Land*, 100 Idaho 781, 605 P.2d 959 (1980)). But, the Court of Appeals, in footnote 4 of *Agrodyne, Inc. v. Beard*, has also noted that under Rule 40(c), "[t]he word 'shall' would seem to preclude the exercise of discretion." 114 Idaho 342, 345 n.4, 757 P.2d 205, 208 n.4 (Ct. App. 1988). In that same footnote, the Court of Appeals also stated:

> [W]e will follow the lead of the promulgator of the rule, the Supreme Court, and accept its indication in *Kirkham* that Rule 40(c) dismissals fall within the trial court's discretionary power. Although the Supreme Court in *Kirkham* bypassed the question whether the finding of "good cause" was a discretionary determination, as we explain in the text of this opinion, the exercise of that discretion must be untainted by reliance upon an incorrect perception of the law.

*Id.*

It is this interpretation of *Kirkham* that needs clarifying. In *Kirkham*, this Court did state: "It is well settled in Idaho that the trial court has the authority to dismiss a case because of a failure to prosecute, and that the trial court's exercise of such authority will not be disturbed on appeal unless it is shown that there was a manifest abuse of discretion." 100 Idaho at 783, 605 P.2d at 961 (citing *Warden v. Lathan*, 96 Idaho 34, 524 P.2d 162 (1974)). However, the case the *Kirkham* Court cited to for that proposition—*Warden v. Lathan*—deals not with Rule 40(c), but with I.R.C.P. 41(b), "which has long been recognized as allowing the trial court, upon motion of a party, to exercise its discretion in deciding whether to dismiss a case for failure to diligently prosecute the action." *Agrodyne*, 114 Idaho at 345 n.4, 757 P.2d at 208 n.4. We now clarify the standard under 40(c) as follows: the determination of whether good cause is shown for retention is within the trial court's discretion. If the trial court finds, in its discretion, that good cause for retention is not shown, then dismissal under Rule 40(c) is mandatory.

This Court has not previously specified how one goes about showing good cause for retention under Rule 40(c). However, in similar circumstances we have noted that "a determination of whether good cause . . . exists is a factual one." *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 132 Idaho 531, 533, 976 P.2d 457, 459 (1999). *Nerco* dealt with a good cause determination under I.R.C.P. 4(a)(2).[3] More recently, in *Taylor v. Chamberlain*, 154

---

[3] Rule 4(a)(2) is not at issue in this case. However, it contains language similar to that included in Rule 40(c). Rule 4(a)(2) provides:

> If a service of the summons and complaint is not made upon a defendant within six (6) months after the filing of the complaint and the party on whose behalf such service was required *cannot*

7

Idaho 695, 698, 302 P.3d 35, 38 (2013), we held that in making a good cause showing under Rule 4(a)(2), a party "must present sworn testimony by affidavit or otherwise setting forth facts that show good cause for failing to serve the summons and complaint timely." Although the good cause under Rule 40(c) is "wholly irrelevant" to a determination of good cause under Rule 4(a)(2) (*Nerco*, 132 Idaho at 535, 976 P.2d at 461), *Taylor* is instructive as to what must be presented to the Court in order to show good cause. Thus, in order to show good cause under Rule 40(c), a party must present sworn testimony by affidavit or otherwise setting forth facts that demonstrate good cause for retention of a case.

At the hearing on Morgan's motion to reopen, his current counsel acknowledged that action should have been taken soon after this Court refused to entertain Morgan's appeal. Morgan put forth only one reason why his case should be retained—the neglect of his former counsel, Lowell Hawkes. However, Morgan provided no affidavit or other sworn testimony from Mr. Hawkes or anyone else that would explain why Morgan's case sat dormant for a remarkable twenty one months.

The district court did not abuse its discretion in dismissing Morgan's case pursuant to Rule 40(c). The district court stated that if no action has been taken for at least six months, it "**must** dismiss this case" in the absence of a showing of good cause for retention. The district court determined that good cause for retention was not shown because "the only reason given for 21 months of inactivity was attorney neglect." The district court acted within the bounds of its discretion and reached its decision in an act of reason in concluding that a bare declaration of attorney neglect does not constitute good cause.

After the district court dismissed the case without prejudice under Rule 40(c), Morgan argued in his motion to reconsider that he would have acted sooner if only he had been given notice under Rule 40(c). While it is true that the district court never sent out notice as contemplated in Rule 40(c), Morgan did have actual notice that his case could potentially be dismissed under that same rule as of April 3, 2012, the date that Respondents filed their motion to dismiss. The purpose of the notice requirement—to allow counsel to show good cause for retaining the case—was not circumvented here because Morgan was given a hearing to show

---

*show good cause* why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with 14 days' notice to such party or upon motion.

I.R.C.P. 4(a)(2) (emphasis added).

8

good cause on April 9, 2012. Because Morgan had actual notice of his case's possible and pending dismissal, and because he was given an opportunity to show good cause for retention, the district court's failure to give notice was not reversible error.[4]

Because we find that the district court did not abuse its discretion in determining there was no showing of good cause to retain Morgan's case, it is unnecessary to determine whether the district court erred in excluding Morgan's expert, Dr. Schapira.

### C. The district court abused its discretion in awarding sanctions to Respondents.

Morgan asserts that because Respondents never filed a motion to compel discovery and because no order was ever entered to compel discovery, Respondents were "not entitled to ask for sanctions." Morgan also argues that the district court's decision to award attorney fees and expert-related costs was clearly erroneous because "the District Court did not correctly identify this decision as being discretionary, not mandatory . . . [and] there was no finding of fact supporting the basis for Dr. Selzman's costs and no finding of fact . . . that the remaining costs were 'extraordinary'. . . ." Respondents counter that the district court did not abuse its discretion in awarding sanctions.

Respondents' motion for sanctions was filed pursuant to Idaho Rules of Civil Procedure 26 and 37. In conjunction with that motion, Respondents also filed a supporting affidavit of counsel, as well as a supporting memorandum. However, it was not until their responsive brief in support of their motion for sanctions that Respondents made a rule-based argument explaining why they believed they were entitled to sanctions. Therein, Respondents stated that "[p]ursuant to Rule 37(b),[5] the Court may 'require the party failing to obey the order or the attorney advising the party or both to pay reasonable expenses, including attorney's fees, caused by the failure.'"

In its Order Re: Motion for Sanctions, the district court granted Respondents' motion and held that "Plaintiff and/or his counsel" owed a total of $9,995.82. The district court did not cite to any Idaho Rule of Civil Procedure that would explain its decision, nor did it include an analysis of any sort. The transcript of the hearing on the sanctions motion provides a little more insight into the district court's rationale. At the hearing, the district court stated:

---

[4] Morgan's current counsel points out that dismissal without prejudice is essentially a death knell for his father's case because the limitations period has run for the wrongful death claim. This is extremely unfortunate because it appears as though this result was brought about by inadvertence and/or neglect on the part of Morgan's previous counsel. It may well be that Morgan has a remedy against his former attorney but we express no opinion on that issue.

[5] This rule provides for sanctions for failure to comply with a discovery order pertaining to deposition testimony and has no application here.

> All right. I have reviewed the rule. I've reviewed the cost bill that's been submitted, read the briefs, heard the argument, recognize that this is largely an issue of discretion for me. I would note that Rule 37(a)(4), which has to do with providing for costs as a result of motions, says that the court shall award reasonable costs and expenses. 37(e), which is the general sanctions for failure to comply with a court order, says the court may. But I think we're more here under 37(a)(4), because we're dealing with expenses in getting the defendant to comply with the Court's discovery—direct discovery order under Rule 37. The key is what is reasonable. And I've tried to go through and determine what the Court feels is reasonable given the circumstances of this case. And based upon that, I'll make the following determination.

The district court went on to award expenses as to Dr. Selzman, travel expenses for Dr. Demos, expenses incurred by Respondents' counsel in preparing for the jury that was to be called on the original trial date, and expenses incurred by Respondents' counsel in preparing their motion for sanctions and accompanying memorandum. This award totaled $9,995.82 and has since been paid.

Idaho Rule of Civil Procedure 37(a)(2) lays the predicate for seeking an award of expenses under Rule 37(a)(4):

> If a . . . party fails to answer an interrogatory submitted under Rule 33 . . . the discovering party may move for an order compelling an answer . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

I.R.C.P. 37(a)(2). Idaho Rule of Civil Procedure 37(a)(4) provides:

> If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

I.R.C.P. 37(a)(4). "Rule 37(a)(4) can apply only if a motion was made to compel discovery." *Frost v. Hofmeister*, 97 Idaho 757, 761, 554 P.2d 935, 939 (1976). Indeed, in *Frost*, this Court examined a version of I.R.C.P. 37(a)(4) identical to the present-day version and found that "[a]bsent an order to compel discovery, and absent a motion for that order, Rule[] 37(a)(4) [is] inapplicable" and the trial court is without authorization to assess costs against a party. *Id*. at 762, 554 P.2d at 941.

Because Respondents never complied with the predicate provisions of Rule 37(a)(2), the district court erred in imposing sanctions under Rule 37(a)(4). While sanctions against Morgan's

10

counsel, Lowell Hawkes, certainly do not seem unjust in light of his general foot dragging and failure to supplement over a three-year period, Rule 37(a)(4) is not the appropriate vehicle under the facts presented here. Even if it were, Rule 37(a)(4) allows only for the recovery of "the reasonable expenses incurred in obtaining the order." The district court's award of expenses as to Dr. Selzman, travel expenses for Dr. Demos, and the expenses incurred by Respondents' counsel in preparing for trial are not "expenses incurred in obtaining the order." Rather, the only expenses that would have been recoverable under Rule 37(a)(4) are those expenses incurred by Respondents' counsel in preparing and pursuing their motion for sanctions. Because the district court had no basis to impose sanctions under Rule 37(a)(4), we vacate the award.

### D.  Neither party is entitled to attorney fees on appeal.

Morgan asserts that he is entitled to an award of attorney fees and costs on appeal pursuant to I.C. § 12-121 and I.A.R. 41. Similarly, Respondents request attorney fees on appeal under the same provisions.

"Under I.C. § 12–121, attorney fees are awarded to the prevailing party if the court is left with the belief that the proceeding was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Harris v. State, ex rel. Kempthorne*, 147 Idaho 401, 406, 210 P.3d 86, 91 (2009). There is no indication that this appeal was brought, pursued, or defended frivolously, unreasonably, or without foundation. In fact, each party has prevailed in part. Therefore, neither party is entitled to attorney fees on appeal.

## IV.
## CONCLUSION

We affirm the judgment dismissing the action without prejudice, but vacate the order imposing sanctions. Neither party is awarded costs or attorney fees on appeal.

Chief Justice BURDICK, and Justices EISMANN, W. JONES, and HORTON CONCUR.

11