IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40880

| JAMES N. MOEN, | ) | 2014 Unpublished Opinion No. 459 |
|---|---|---|
| | ) | |
| Plaintiff-Appellant, | ) | Filed: April 17, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| OLIVIA CRAVEN, Executive Director of | ) | THIS IS AN UNPUBLISHED |
| Idaho Commissions of Parole and Pardons, | ) | OPINION AND SHALL NOT |
| to include the unknown members thereof, | ) | BE CITED AS AUTHORITY |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Order dismissing complaint, affirmed.

James N. Moen, Boise, pro se appellant.

Respondents did not participate on appeal.

---

Before GRATTON, Judge; MELANSON, Judge;
and SCHWARTZMAN, Judge Pro Tem

---

PER CURIAM

On or about May 17, 2012, James N. Moen filed a pro se prisoner civil rights complaint and a motion for class certification with the district court.[1] After filing the complaint and motion, Moen failed to take further action to prosecute his complaint. On January 18, 2013, the district court filed a notice of intent to dismiss Moen's case for failure to prosecute with due diligence. Moen did not file a response to the intent to dismiss. On March 12, 2013, the district

---

[1]  Moen alleged multiple violations in his civil rights complaint including: an Americans with Disabilities Act violation for using his mental health status against his release during a parole board hearing; cruel and unusual punishment in the form of retaliation, accusing the parole board of "flopping" Moen for three years; and unconstitutional deprivation of rights, privileges, and immunities when the board refused to release Moen onto parole upon completion of the determinate or fixed portion of his sentence.

1

court issued an order dismissing Moen's case without prejudice pursuant to Idaho Rule of Civil Procedure 40(c). Moen appeals, contending the district court erred by dismissing his case.

Rule 40(c) provides, in pertinent part, "In the absence of a showing of good cause for retention, any action . . . or proceeding . . . in which no action has been taken or in which the summons has not been issued and served, for a period of six (6) months shall be dismissed . . . without prejudice." In Idaho, a trial court has the authority to dismiss a case if the plaintiff fails to prosecute, and the decision to dismiss will not be overturned on appeal unless a manifest abuse of discretion is shown. *Kirkham v. 4.60 Acres of Land*, 100 Idaho 781, 783, 605 P.2d 959, 961 (1980). *See also Agrodyne, Inc. v. Beard*, 114 Idaho 342, 345, 757 P.2d 205, 208 (Ct. App. 1988).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). Moen failed to demonstrate any good cause for retention of his case. As such, the district court did not abuse its discretion by dismissing Moen's case for inaction. The district court's order of dismissal is affirmed.